


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER KENNEDY<br>1503 Center Street<br>Bethlehem, PA 18018, | : <br> : <br> : | CIVIL ACTION<br><br>18    3003 |
| Plaintiff | : <br> : | JURY TRIAL DEMANDED |
| v. | : <br> : | NO. |
| C.P. RANKIN INC. ROOF<br>MANAGEMENT<br>4359 County Line Rd.<br>Chalfont, PA 18914, | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

## COMPLAINT

### I. NATURE OF THE ACTION

1. Plaintiff, Jennifer Kennedy, brings this action against Defendant, C.P. Rankin Inc. Roof Management, for employment discrimination on the basis of disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA").

### II. JURISDICTION AND VENUE

2. Jurisdiction is vested in this court by virtue of the presence of federal questions.

3. Venue is proper in this judicial district because all acts giving rise to the action occurred therein.



### III. THE PARTIES

4. Plaintiff Jennifer Kennedy is an adult individual and a citizen of the United States residing at 1503 Center Street, Bethlehem, Pennsylvania.

5. At all relevant times, Plaintiff was, and continues to be, an individual entitled to the protections of the ADAAA in that she had a disability and/or perceived disability and/or had a record of disability within the meaning of the ADAAA. The specific disability at issue is multiple sclerosis.[1]

6. Defendant C.P. Rankin Inc. Roof Management ("C.P. Rankin"), at all relevant times, was a corporation or other business entity with a location in Chalfont, Pennsylvania.

7. At all relevant times, Defendant had at least fifteen (15) employees and was continually doing business in Chalfont, Pennsylvania.

8. At all relevant times, Defendant has been, and continues to be, an employer engaged in an industry affecting commerce within the meaning of the ADAAA.

### IV. PROCEDURAL BACKGROUND

9. Plaintiff has satisfied any and all procedural and/or administrative requirements set forth in the ADAAA. In particular, she filed a timely charge of discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

10. The EEOC issued a "notice of right to sue" letter dated May 16, 2018 (attached as Exhibit A), which was then mailed to Plaintiff by United States mail from the EEOC field office in Philadelphia, Pennsylvania and was received by Plaintiff on or about May 21, 2018.

---

[1] Subsequent to her discharge from C.P. Rankin, Plaintiff learned that she does not, in fact, have multiple sclerosis.

## V.     MATERIAL FACTS

11     Plaintiff began working for Defendant on April 26, 2016 as an account manager, business development.

12.     In August 2016, Plaintiff received her ninety-day review from Defendant and was deemed a "rising star."

13.     Defendant was satisfied with Plaintiff's job performance and in September 2016 asked Plaintiff to assist in rolling out a new program and gave her the opportunity to extend her sales territory.

14.     In the latter half of 2016, Plaintiff began experiencing memory problems, balance issues, an increase in right-sided tremors[2] and the onset of left-sided tremors.

15.     In September 2016, Plaintiff was advised by her doctor that she might have a medical condition, specifically multiple sclerosis.  Common symptoms of multiple sclerosis include fatigue, muscle spasms, numbness, balance problems, lack of coordination, difficulty moving arms and legs, unsteady gait, trouble walking, and weakness or tremor in one or both arms and legs.

16.     Plaintiff underwent medical testing as part of the effort to determine if she had multiple sclerosis.  This testing included and MRI of her brain, the results of which warranted additional testing.

17.     On October 28, 2016, due to concerns about needing time off from work and/or flexibility with her work schedule due to the medical testing, Plaintiff informed her supervisor, Craig Dallas (employee of Defendant; specifically the National Sales Director) of her possible multiple sclerosis diagnosis.  During this conversation, she described for him the symptoms she

---

[2] Plaintiff was previously diagnosed with cerebral palsy.

was having that had prompted the testing for multiple sclerosis. This conversation is a protected activity as defined by the ADAAA.

18. On October 31, 2016, Plaintiff was notified by Defendant's employee, Tom Kane (Operations Director) that he wanted to meet with her. Upon information and belief, Craig Dallas had told Tom Kane about Plaintiff's possible multiple sclerosis diagnosis.

19. Plaintiff met with Tom Kane on November 2, 2016. During this meeting, she was told by Tom Kane that her job performance was unsatisfactory.

20. Upon information and belief, C.P. Rankin, acting through its agents and/or employees, feared that Plaintiff would develop some or all of the symptoms of multiple sclerosis detailed hereinabove in Paragraph 14 and that these symptoms would impact her job performance.

21. For nearly three weeks following this meeting, Plaintiff was harassed by emails and text messages from Tom Kane as he looked for reasons to criticize her job performance.

22. On November 21, 2016, Plaintiff told Craig Dallas that she wanted to speak directly with Tom Kane to tell him of her medical testing for multiple sclerosis. Plaintiff was never given an opportunity to speak directly with Tom Kane about her medical testing for multiple sclerosis.

23. On November 22, 2016, Plaintiff was told my Tom Kane that her position was being eliminated, and she was discharged from her employment.

24. Upon information and belief, Defendant subsequently hired a person to replace Plaintiff, despite having told Plaintiff that the position had been eliminated.

25. Upon information and belief, the individual hired to replace Plaintiff is not an individual with a disability.

26. As a result of Defendant's unlawful conduct, Plaintiff suffered and continued to suffer economic damages, including but not limited to, lost wages and benefits, lost opportunities for advancement within the company, emotional pain and suffering, inconvenience, loss of enjoyment of work, and humiliation.

## VI. CAUSES OF ACTION

### Count I – Violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq.

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) as though each were set forth in their entirety.

28. At all relevant times, Plaintiff was an individual with a disability in that she had an actual disability, a record of disability and/or Defendant regarded her as having a disability under the ADAAA.

29. At all relevant times, Plaintiff had the requisite skill, experience, education and other job-related requirements of the position she held with Defendant and could perform her job with or without reasonable accommodations.

30. Thus, at all relevant times, Plaintiff was a "qualified individual with a disability" under 42 U.S.C. § 12111(8).

31. Despite her qualifications and desire to work, Defendant discriminated against Plaintiff by singling her out for harassment via emails and text messages and by terminating her employment in violation of the ADAAA.

32. As a result of Defendant's violation of the ADAAA, Plaintiff has suffered the damages alleged herein.

### Count II – Retaliation in Violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12203

33. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) as though each were set forth in their entirety.

34. Plaintiff engaged in a protected activity under the ADAAA when she informed Defendant's employee, Craig Dallas, of her possible medical condition.

35. Following this conversation, Defendant retaliated against Plaintiff by, among other things, harassing her via emails and text messages and by terminating her employment.

36. The effect of Defendant's aforementioned unlawful employment practices has been to deprive Plaintiff of employment opportunities and adversely affect her status as an employee because of disability.

37. As a result of Defendant's unlawful retaliation, Plaintiff suffered the damages alleged herein.

### VII. JURY DEMAND

38. Pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable in this complaint.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for judgment in her favor on all counts and requests the following relief:

(a) reinstatement of Plaintiff to her previous employment position with all of the benefits and seniority of that position, as though her employment had never been unlawfully terminated;

(b) compensation for lost wages and benefits;

(c) compensatory and punitive damages as available by law;

(d) an award of reasonable attorneys' fees and costs associated with this action; and

(e)  any other relief that this Court may deem just and equitable.

Respectfully submitted,

MARIA C. JANOSKI, ESQUIRE
Attorney I.D. No. 312538
Goldberg, Goldberg & Janoski
213-215 West Miner Street
West Chester, PA 19382
Tel: (610) 436-6220
Fax: (610) 436-0628
Email: mjanoski@ggjlaw.net

*Counsel for Plaintiff*

Dated: 7/13/18